IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

BIG BROTHER & HOLDING CO., LLC,

     Plaintiff,

    v.                                 CIVIL NO. 2:20-CV-41
                                                 (KLEEH)

CERTIFIED PRESSURE TESTING, LLC,

     Defendant.

**MEMORANDUM OPINION AND ORDER GRANTING IN PART
AND DENYING IN PART MOTION TO DISMISS [ECF NO. 9]**

Pending before the Court is Defendant's motion to dismiss Counts Two and Three of the Amended Complaint. For the reasons discussed herein, the Court **GRANTS IN PART** and **DENIES IN PART** the motion.

## I.    FACTS

Plaintiff Big Brother & Holding Co., LLC ("Plaintiff") alleges the following facts in the Amended Complaint, and for purposes of analyzing the motion to dismiss, the Court assumes that they are true. On September 1, 2017, CGP Development Co., Inc. ("CGP"), as Lessor, leased property at 175 Midstream Way, Jane Lew, West Virginia 26378 (the "Subject Property") to Defendant Certified Pressure Testing, LLC ("Defendant"), as Lessee, for a two-year period commencing November 1, 2017, and terminating October 31, 2019 (the "Lease"). See Am. Compl., ECF No. 7, at ¶ 4. CGP then conveyed the Subject Property to Plaintiff. Id.

**BIG BROTHER & HOLDING V. CERTIFIED PRESSURE TESTING      2:20-CV-41**

**MEMORANDUM OPINION AND ORDER GRANTING IN PART
AND DENYING IN PART MOTION TO DISMISS [ECF NO. 9]**

¶ 5.

Pursuant to the Lease, Defendant was only permitted to use the Subject Property as a pipe inspection business unless it had prior written consent of the Lessor and owner of the Subject Property.  Id. ¶ 6.  Defendant, however, used the Subject Property for other purposes without permission.  Id. ¶ 7.  Defendant was required to keep electricity on the Subject Property, but it did not.  Id. ¶¶ 8-9.  Defendant was obligated to maintain the interior and exterior and common areas of the Subject Property and perform all other maintenance not specifically delegated to the Lessor, but it did not.  Id. ¶¶ 10-11.

Defendant caused damage to the interior walls and carpets, the exterior of the garage, the fence surrounding the Subject Property, the exterior walls, and the parking lot, and Defendant also left general waste.  Id. ¶ 12.  In addition, Defendant contaminated the Subject Property by dumping, or allowing to be dumped, certain hydrocarbons, such as oil and diesel, onto the soil of the Subject Property.  Id. ¶ 13.  Defendant agreed to vacate the Subject Property by July 1, 2019, but it did not do so. Id. ¶¶ 14-15.  Plaintiff was forced to bring an eviction action in Magistrate Court.  Id. ¶ 16.

Under this set of facts, Plaintiff asserts the following claims in the Amended Complaint: (I) Breach of Contract; (II)

BIG BROTHER & HOLDING V. CERTIFIED PRESSURE TESTING     2:20-CV-41

**MEMORANDUM OPINION AND ORDER GRANTING IN PART
AND DENYING IN PART MOTION TO DISMISS [ECF NO. 9]**

Negligence; and (III) Trespass.

## II.  STANDARD OF REVIEW

Rule 12(b)(6) allows a defendant to move for dismissal upon the ground that a complaint does not "state a claim upon which relief can be granted[.]"  In ruling on a 12(b)(6) motion to dismiss, a court "must accept as true all of the factual allegations contained in the complaint." Anderson v. Sara Lee Corp., 508 F.3d 181, 188 (4th Cir. 2007) (citations omitted).  A court is "not bound to accept as true a legal conclusion couched as a factual allegation." Papasan v. Allain, 478 U.S. 265, 286 (1986).

A court should dismiss a complaint if it does not contain "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). Plausibility exists "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).  A motion to dismiss "does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." Republican Party of N.C. v. Martin, 980 F.2d 943, 952 (4th Cir. 1992).  Dismissal is appropriate only if "it appears to a certainty that the plaintiff would be entitled to no relief under any state of facts which could

BIG BROTHER & HOLDING V. CERTIFIED PRESSURE TESTING     2:20-CV-41

**MEMORANDUM OPINION AND ORDER GRANTING IN PART
AND DENYING IN PART MOTION TO DISMISS [ECF NO. 9]**

be proven in support of his claim." Johnson v. Mueller, 415 F.2d 354, 355 (4th Cir. 1969).

### III. DISCUSSION

Defendant first argues that Counts Two and Three are barred by the Gist of the Action Doctrine and should be dismissed.  It then argues that Count Three fails to state a claim because trespass is not a proper cause of action against a holdover tenant under West Virginia law.  Finally, Defendant argues that in the alternative, Plaintiff's claim for punitive damages in Count Two should be stricken because punitive damages are not available for claims of simple negligence.  The Court agrees in part and disagrees in part.

**A.    The trespass claim is barred by the Gist of the Action Doctrine, but the negligence claim is not.**

The purpose of the Gist of the Action Doctrine is to "prevent the recasting of a contract claim as a tort claim."  See Rodgers v. Sw. Energy Co., No. 5:16-CV-34, 2016 WL 3248437, at *4 (N.D.W. Va. June 13, 2016) (citing Covol Fuels No. 4, LLC v. Pinnacle Min. Co., LLC, 785 F.3d 104, 115 (4th Cir. 2015)).  Under the Gist of the Action Doctrine, "a tort claim arising from a breach of contract may be pursued only if the action in tort would arise independent of the existence of the contract."  Corder v. Antero Res. Corp., 322 F. Supp. 3d 710, 722 (N.D.W. Va. 2018) (citation

omitted).  Thus, a plaintiff must establish the existence of a legal duty independent from any contractual duty in order to maintain a tort claim.  See Lockhart v. Airco Heating & Cooling, Inc., 567 S.E.2d 619, 624 (W. Va. 2002).

The Supreme Court of Appeals recently found that "recovery in tort will be barred" where any of the following four factors is present:

> (1)  where liability arises solely from the contractual relationship between the parties;
>
> (2)  when the alleged duties breached were grounded in the contract itself;
>
> (3)  where any liability stems from the contract; and
>
> (4)  when the tort claim essentially duplicates the breach of contract claim or where the success of the tort claim is dependent on the success of the breach of contract claim.

Gaddy Eng'g Co. v. Bowles Rice McDavid Graff & Love, LLP, 746 S.E.2d 568, 577 (W. Va. 2013).  A plaintiff may not maintain a separate tort claim if the defendant's "obligations are defined by the terms of the contract" between the parties.  Id. (citation omitted).

### 1.  Trespass

"Under West Virginia law, to constitute a trespass, the defendant's conduct must result in an actual, nonconsensual

5

**BIG BROTHER & HOLDING V. CERTIFIED PRESSURE TESTING      2:20-CV-41**

**MEMORANDUM OPINION AND ORDER GRANTING IN PART
AND DENYING IN PART MOTION TO DISMISS [ECF NO. 9]**

invasion of the plaintiff's property, which interferes with the plaintiff's possession and use of that property." <u>Rhodes v. E.I. du Pont de Nemours & Co.</u>, 636 F.3d 88, 96 (4th Cir. 2011).  With respect to holdover tenants, generally, "a landlord has the option to treat a tenant wrongfully holding over as a trespasser, or to accept the holding over and treat him as a tenant.  If the landlord elects to refuse to allow the tenant to remain, the tenant becomes a trespasser." <u>Bryan v. Big Two Mile Gas Co.</u>, 577 S.E.2d 258, 267 (W. Va. 2001) (citations omitted).

The United States Court of Appeals for the Fourth Circuit, applying West Virginia law, has found that the "underlying wrong" in a holdover tenant situation is "a breach of contract" and distinguished the measure of damages in that situation from the measure of damages that would be applicable to a "trespass by a third-party tortfeasor, stranger to the lease." <u>Imperial Colliery Co. v. Oxy USA Inc.</u>, 912 F.2d 696, 707 (4th Cir. 1990).  With respect to damages in a holdover tenant situation, "[i]t is axiomatic, in the absence of statutes providing multiple damages for a tenant's willful failure to surrender leased premises, that a lessor is entitled to the reasonable rental value of property wrongfully withheld by a lessee." <u>Bethlehem Steel Corp. v. Shonk Land Co.</u>, 288 S.E.2d 139, 149 (1982).

In Count Three, the trespass claim, Plaintiff asserts that

**BIG BROTHER & HOLDING V. CERTIFIED PRESSURE TESTING     2:20-CV-41**

**MEMORANDUM OPINION AND ORDER GRANTING IN PART**
**AND DENYING IN PART MOTION TO DISMISS [ECF NO. 9]**

"[t]he terms of the Lease set forth the parameters of Defendant's use of the Subject Property and its fixtures and common areas" and that "[a]ll uses of the Subject Property and its fixtures and common areas not provided for in the Lease constitutes a trespass." Am. Compl. ECF No. 7, at ¶¶ 37-38.  Plaintiff then cites the ways that Defendant improperly used the Subject Property under the Lease.  Plaintiff also writes, "In addition, since Defendant was also a holdover tenant, [Plaintiff] is entitled to assert a trespass action against it under West Virginia law."  Id. ¶ 42.

The Court finds that the Gaddy factors weigh in favor of finding that the Gist of the Action Doctrine should bar the claim. Defendant's liability to Plaintiff arises from the contractual relationship between the parties, the duties allegedly breached were grounded in the contract, and the success of the trespass claim is dependent upon the success of the breach of contract claim.  In other words, without a breach of the Lease, Plaintiff cannot succeed on a trespass claim against Defendant.  Even if the action is brought against Defendant as a holdover tenant, the Fourth Circuit has found that the "underlying wrong" in such an action is a breach of contract.  Therefore, the Court finds that the trespass claim is barred by the Gist of the Action Doctrine. Defendant's motion to dismiss is granted with respect to Count Three.

BIG BROTHER & HOLDING V. CERTIFIED PRESSURE TESTING     2:20-CV-41

**MEMORANDUM OPINION AND ORDER GRANTING IN PART
AND DENYING IN PART MOTION TO DISMISS [ECF NO. 9]**

### 2.    Negligence

The elements of a negligence claim include "(1) a duty which the defendant owes [the plaintiff]; (2) a negligent breach of that duty; [and] (3) injuries received thereby, resulting proximately from the breach of that duty." Wheeling Park Comm'n v. Dattoli, 787 S.E.2d 546, 551 (W. Va. 2016). Among other things, Plaintiff has asserted that Defendant dumped hydrocarbons on Plaintiff's property and contaminated the property in violation of state and federal law. As such, Defendant's alleged violations would be prima facie evidence of negligence. See Kizer v. Harper, 561 S.E.2d 368, 372–75 (W. Va. 2001). In short, Plaintiff alleges that Defendant had a duty under state and federal law to properly dispose of hydrocarbons, that Defendant breached the duty by dumping said hydrocarbons on the Subject Property, and that Plaintiff has been damaged by this action. Thus, Plaintiff has pled a sufficient negligence claim that is independent of its contract with Defendant that was allegedly breached. The Gist of the Action Doctrine does not apply to the negligence claim, and Defendant's motion to dismiss is denied with respect to Count Two.

### B.    The motion to strike punitive damages is denied as premature.

Defendant argues that any request for punitive damages in Count Two should be stricken because punitive damages are not

BIG BROTHER & HOLDING V. CERTIFIED PRESSURE TESTING    2:20-CV-41

**MEMORANDUM OPINION AND ORDER GRANTING IN PART**
**AND DENYING IN PART MOTION TO DISMISS [ECF NO. 9]**

recoverable for negligence under West Virginia law.  West Virginia

law provides:

> An award of punitive damages may only occur in
> a civil action against a defendant if a
> plaintiff establishes by clear and convincing
> evidence that the damages suffered were the
> result of the conduct that was carried out by
> the defendant with actual malice toward the
> plaintiff or a conscious, reckless and
> outrageous indifference to the health, safety
> and welfare of others.

W. Va. Code § 55-7-29(a).  Among other things, Plaintiff asserts

that Defendant "actively, intentionally, recklessly, maliciously,

and wantonly" dumped hydrocarbons onto the Subject Property.  See

Am. Compl., ECF No. 7, at ¶ 35.  At the Rule 12(b)(6) stage, the

Court finds that it would be premature to strike a request for

punitive damages here.  Therefore, Defendant's motion to dismiss

is denied with respect to punitive damages.

### IV.  CONCLUSION

For the reasons discussed above, the motion to dismiss is

**GRANTED** with respect to the trespass claim.  Count Three is

**DISMISSED WITH PREJUDICE.**  The motion to dismiss is **DENIED** with

respect to Count Two and the request for punitive damages.

It is so **ORDERED.**

The Clerk is **DIRECTED** to transmit copies of this Order to

counsel of record.

DATED: November 10, 2022

**BIG BROTHER & HOLDING V. CERTIFIED PRESSURE TESTING    2:20-CV-41**

**MEMORANDUM OPINION AND ORDER GRANTING IN PART
AND DENYING IN PART MOTION TO DISMISS [ECF NO. 9]**

THOMAS S. KLEEH, CHIEF JUDGE
NORTHERN DISTRICT OF WEST VIRGINIA